THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY BROOKHOUSE, Defendant-Appellant.

Third District    No. 3—96—0895

Opinion filed July 10, 1997.

James J. Cutrone (argued), of Chicago, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

This case presents the question of whether a defendant who is in constructive possession of a controlled substance in two different locations has committed one or two offenses. We find that, under the facts of this case, the defendant has committed two offenses.

The facts are not in dispute. On March 3, 1995, the police obtained a search warrant authorizing a search of the defendant, Anthony Brookhouse, and his residence. The defendant lives in Cook County. The search revealed a quantity of marijuana and 0.2 grams of cocaine. At the time the search warrant was executed, other police officers were standing by at a bowling alley located in Tinley Park, Illinois. The bowling alley is located in Will County. After defendant was placed under arrest at his apartment, he consented to a search of his locker at the bowling alley. That search yielded 36.2 grams of cocaine.

On May 25, 1995, a Cook County grand jury returned a four-count indictment charging the defendant with possession of less than one gram of cocaine with intent to deliver (720 ILCS 570/401(d) (West 1994)), possession of cannabis with intent to deliver (720 ILCS 550/5(c) (West 1994)), possession of less than 15 grams of cocaine (720 ILCS 570/402(c) (West 1994)), and possession of cannabis (720 ILCS 550/4(d) (West 1994)). These charges were based on the drugs found at defendant's residence. On July 19, 1995, a Will County grand jury returned an indictment charging the defendant with possession of more than 15 but less than 100 grams of cocaine with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 1994)). A superseding two-count indictment was returned on February 26, 1996, which again charged the defendant with possession of more than 15 but less than 100 grams of cocaine with intent to deliver and also charged simple possession of the same amount (720 ILCS 570/402(a)(2)(A) (West 1994)). These charges were based on the cocaine found in the locker at the bowling alley.

On January 23, 1996, the defendant pleaded guilty in Cook County to possession of cannabis with intent to deliver and posses-

sion of cocaine. Defendant was sentenced to probation for two years. Defendant subsequently filed a motion to dismiss the Will County indictment on the basis of double jeopardy. The trial court denied the motion and this appeal followed.

■ The fifth amendment to the United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., amend. V. The double jeopardy clause protects against a second prosecution after acquittal or conviction for the same offense and prohibits multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260 (1980); *In re P.S.*, 175 Ill. 2d 79, 676 N.E.2d 656 (1997). The defendant contends that the Will County indictment constitutes a second prosecution for the same offense and potentially subjects him to multiple punishments. In other words, defendant maintains that the simultaneous possession of several quantities of the same controlled substance constitutes a single offense. We do not agree.

Defendant primarily relies on our supreme court's decision in *People v. Manning*, 71 Ill. 2d 132, 374 N.E.2d 200 (1978), and its progeny. In *Manning*, the defendant was arrested while burglarizing a drug store. When defendant was searched, the police found both barbiturate and amphetamine capsules in his possession. Defendant was subsequently convicted of two counts of possession of controlled substances. In vacating one of defendant's convictions, the court held that "in the absence of a statutory provision to the contrary, the simultaneous possession of more than one type of controlled substance, *under the circumstances shown on this record*, constituted a single offense, and only one sentence should have been imposed." (Emphasis added.) *Manning*, 71 Ill. 2d at 137, 374 N.E.2d at 202.

*Manning* is distinguishable from the instant case in several respects. First, the *Manning* decision was not based upon double jeopardy principles. Indeed, the court does not even mention the fifth amendment. *Manning* was merely an interpretation of section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56$^1/_2$, par. 1402(a)). See *Manning*, 71 Ill. 2d at 134, 374 N.E.2d at 201. Second, as the language emphasized above demonstrates, the *Manning* court carefully limited its decision to the facts presented in that case. Third, in *Manning* the defendant was in *actual* possession of *different* drugs, while the defendant in this case was in *constructive* possession of the *same* type of drug. Finally, and perhaps most significantly, unlike *Manning*, this case involves drugs found at different locations. *Manning*, therefore, does not control the outcome of this case.

■ To properly resolve this case, we believe it is necessary to consider the nature of the offenses the defendant is charged with committing. To sustain a charge of unlawful possession of a controlled substance, the State must prove the defendant's knowledge of the presence of the drugs and that the drugs were in the defendant's immediate possession. *People v. Denton*, 264 Ill. App. 3d 793, 637 N.E.2d 1066 (1994). Possession may be either actual or constructive; actual possession is the exercise of present personal dominion over the substance by the defendant, such as concealing or attempting to dispose of it. *People v. Brown*, 277 Ill. App. 3d 989, 661 N.E.2d 533 (1996). Constructive possession exists without personal present dominion over the substance, but with an intent and capability to maintain control and dominion. *People v. Frieberg*, 147 Ill. 2d 326, 589 N.E.2d 508 (1992).

■ The Cook County charges were based on defendant's constructive possession of the cocaine found at his residence. The Will County charges are based on constructive possession of the cocaine found at the bowling alley. While each charge requires proof of defendant's knowledge of the drugs, and his intent and capability to control them, the evidence supporting each charge may be entirely different. Any charge based on constructive possession necessarily focuses on the *location* of the contraband, since, by definition, constructive possession exists without personal present control over the substance. In effect, the location where the drugs are found is a distinct element of any charge of constructive possession of a controlled substance. For this reason we believe that the defendant has committed separate offenses.

In *United States v. Rich*, 795 F.2d 680 (8th Cir. 1986), the defendant was arrested at the St. Louis airport and police found methaqualone and cocaine on his person and in his luggage. A subsequent search of defendant's house uncovered additional methaqualone and cocaine and other drugs. Defendant was convicted of, *inter alia*, two counts of possession of methaqualone and two counts of possession of cocaine based on the drugs found at the airport and those discovered at his house. On appeal, defendant maintained that he could only be charged once for each type of drug, regardless of how many locations it was kept in. The court disagreed, finding that if different evidence was necessary to prove each of the counts, then each count was a separate offense. The court stated that because the drugs were found in two separate and distinct locations, "for each possession the facts as to location, quantity and manner of possession are different." *Rich*, 795 F.2d at 681. The court held that because the same evidence could not be used to prove both possessions, each possession constituted a separate offense.

We find *Rich* to be persuasive and supportive of our conclusion that the defendant was properly charged with separate offenses. We also note that similar conclusions were reached under somewhat different factual circumstances in *United States v. Griffin*, 765 F.2d 677 (7th Cir. 1985) (no double jeopardy violation where two convictions were based on cocaine found on defendant's person and in car where drugs were of different quantity and quality), *United States v. Privett*, 443 F.2d 528 (9th Cir. 1971) (heroin found in defendant's shirt pocket, under front seat of car and in car trunk constituted separate offenses where amounts and purity differed), and *People v. Von Latta*, 258 Cal. App. 2d 329, 65 Cal. Rptr. 651 (1968) (possession of marijuana discovered at one location was separate offense from possession of marijuana later found at defendant's garage). Our ruling that the separate locations of the cocaine gave rise to separate offenses eliminates any double jeopardy concerns, since defendant is not being prosecuted in Will County for the same offenses he pleaded guilty to in Cook County.

■ Finally, we note that defendant also claims that the Will County indictment violates his rights under the double jeopardy clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 10) and under section 3—4 of the Criminal Code of 1961 (Code) (720 ILCS 5/3—4 (West 1994)). However, our supreme court has indicated that the double jeopardy protection afforded by the Illinois Constitution is no greater than that provided by its federal counterpart. *In re P.S.*, 175 Ill. 2d 79, 676 N.E.2d 656; *People v. Levin*, 157 Ill. 2d 138, 623 N.E.2d 317 (1993). In addition, section 3—4 of the Code is simply a codification of double jeopardy principles (*People v. Mueller*, 109 Ill. 2d 378, 488 N.E.2d 523 (1985)) and provides no additional grounds for relief.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

McCUSKEY and MICHELA, JJ., concur.