NOTICE

Decision filed 12/16/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170233-U

NO. 5-17-0233

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Union County. |
| | ) | |
| v. | ) | No. 12-CF-81 |
| | ) | |
| JOHN A. GLEGHORN, | ) | Honorable |
| | ) | Mark M. Boie, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Because *in rem* forfeiture proceedings do not implicate double-jeopardy or collateral estoppel concerns, the defendant's postconviction claim that counsel was ineffective for failing to challenge his subsequent prosecution on those bases was meritless, and the circuit court properly dismissed his petition.

¶ 2    The defendant, John A. Gleghorn, appeals the circuit court's summary dismissal of his postconviction petition in which he raised issues of double jeopardy and collateral estoppel. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a motion seeking to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). The defendant was given proper notice and granted an extension of time to file briefs, objections, or any other document supporting his appeal. The defendant did not file a response. We considered

1

OSAD's motion to withdraw as counsel on appeal. We examined the entire record on appeal and found no error or potential grounds for appeal. For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of Union County.

¶ 3                                BACKGROUND

¶ 4     The police went to the defendant's property to serve a warrant to arrest codefendant Bill Finney and seize Finney's motorcycle. While doing so, the officers found evidence of methamphetamine manufacturing. The defendant granted written and oral permission for the police to search his property where they found significant evidence of methamphetamine manufacturing. The defendant was indicted for, among other things, manufacturing methamphetamine in violation of the Methamphetamine Control and Community Protection Act (Methamphetamine Act) (720 ILCS 646/1 *et seq.* (West 2012)). The defendant was also charged with unlawful use of property for allowing Finney to use his property to manufacture methamphetamine. Prior to the criminal case coming to trial, the State filed a civil *in rem* action against the property used for manufacturing methamphetamine. Following a hearing, the State seized the property. On the first day of trial, the State dismissed the unlawful use of property charge against the defendant. The defendant was found guilty of methamphetamine manufacturing based on an accountability theory.

¶ 5     On direct appeal the defendant argued that the circuit court abused its discretion in declining to provide the jury with supplemental information in response to a jury question during deliberation. He also argued that the circuit court erred by ordering reimbursement for court-appointed fees without conducting a hearing to determine the defendant's ability to pay. This court vacated the circuit court's order requiring the defendant to pay a $100 public defender fee but otherwise affirmed. *People v. Gleghorn*, 2016 IL App (5th) 130559-U.

¶ 6    Subsequently, the defendant filed a postconviction petition which is the subject of this appeal. In that petition, the defendant claimed that trial counsel was ineffective for failing to seek a dismissal of the criminal charges following the resolution of the *in rem* action against the property. He advanced two theories counsel should have raised. First, because the standard of proof required of the State to seize property in the civil action was probable cause, issue preclusion should have prevented the State from arguing that the defendant was guilty beyond a reasonable doubt. Second, after having had his property seized in the *in rem* proceedings, it violated double jeopardy principles to try him and punish him for the same conduct. The defendant also argued that appellate counsel had provided ineffective assistance by failing to argue trial counsel's ineffectiveness.

¶ 7    The circuit court summarily dismissed the defendant's postconviction petition, and he now appeals.

¶ 8                                    ANALYSIS

¶ 9    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) allows a prisoner to "assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution." *People v. Coleman*, 183 Ill. 2d 366, 379 (1998). The Act provides a three-stage process for dealing with postconviction petitions. *People v. Tate*, 2012 IL 112214, ¶ 9. "At the first stage, the circuit court must independently review the petition, taking the allegations as true, and determine whether the petition is frivolous or is patently without merit. [Citation.] A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Id.* The doctrine of forfeiture will be relaxed, however, where the forfeiture stems from the ineffective assistance of appellate counsel. *People v. English*, 2013 IL 112890, ¶ 22. To

3

avoid a first-stage dismissal, a defendant must provide a sufficient factual basis to show that the allegations of the petition are capable of objective or independent corroboration. *People v. Allen*, 2015 IL 113135, ¶ 24.

¶ 10                                        Ineffective Assistance of Counsel

¶ 11    The defendant claimed that he was denied the effective assistance of trial and appellate counsel. Generally, an allegation of a violation of the constitutional right to effective assistance of counsel is evaluated under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted in Illinois by *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). The standard has two prongs, both of which must be satisfied for a defendant to prevail on an ineffective-assistance-of-counsel claim. First, the defendant must show that his "counsel's representation fell below an objective standard of reasonableness, and that counsel's shortcomings were so serious as to deprive the defendant of a fair trial." (Internal quotation marks omitted.) *Albanese*, 104 Ill. 2d at 525. Second, defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* At the second stage of postconviction proceedings the petitioner must " 'demonstrate' or 'prove' ineffective assistance by 'showing' that counsel's performance was deficient and that it prejudiced the defense." *Tate*, 2012 IL 112214, ¶ 19. The reviewing court can address these requirements in either order. *Albanese*, 104 Ill. 2d at 527. A failure to satisfy either prong of the *Strickland* standard causes the allegation of ineffective assistance of counsel to fail; the court need not address both prongs. See *Strickland*, 466 U.S. at 670. The threshold to advance to second-stage proceedings in postconviction proceedings is much lower than the ultimate burden of showing ineffective assistance of counsel explained above: "[a]t the first stage of postconviction proceedings under the Act, a petition alleging ineffective

4

assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). Broad conclusory allegations of ineffective assistance of counsel are not sufficient to defeat a summary dismissal. *People v. Delton*, 227 Ill. 2d 247, 258 (2008). We review a circuit court's summary dismissal *de novo*. *People v. Collins*, 202 Ill. 2d 59, 66 (2002).

¶ 12    As noted above, the defendant argued that trial counsel should have sought a dismissal of the criminal charges following the resolution of the *in rem* action against the property on the bases of double jeopardy and collateral estoppel. We examine each in turn.

¶ 13                                    Double Jeopardy

¶ 14    Section 85(a)(6) of the Methamphetamine Act calls for the forfeiture of, among other things, any real property associated with violations of the Methamphetamine Act. 720 ILCS 646/85(a)(6) (West 2012). The forfeiture is to be accomplished under the Drug Asset Forfeiture Procedure Act (State Forfeiture Act) (725 ILCS 150/1 *et seq.* (West 2012)). The State Forfeiture Act provides that "[t]he forfeiture of property and other remedies hereunder shall be considered to be in addition, and not exclusive of any sentence or other remedy provided by law." *Id.* § 13.

¶ 15    "The double jeopardy clause of the fifth amendment to the United States Constitution, which is construed in the same manner as the corresponding clause in the Illinois Constitution [citation]," provides three distinct protections: protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense. *People v. Moss*, 206 Ill. 2d 503, 535-36 (2003), *rev'd on other grounds*, *People v. Sharpe*, 216 Ill. 2d 481 (2005). The United States Supreme Court has said the following: "These civil forfeitures (and civil forfeitures

generally), we hold, do not constitute 'punishment' for purposes of the Double Jeopardy Clause." *United States v. Ursery*, 518 U.S. 267, 270-71 (1996). "Since the earliest years of this Nation, Congress has authorized the Government to seek parallel *in rem* civil forfeiture actions and criminal prosecutions based upon the same underlying events." *Id.* at 274. "[This] forfeiture proceeding … is *in rem*. It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted, and punished. *The forfeiture is no part of the punishment for the criminal offense. The provision of the Fifth Amendment to the Constitution in respect of double jeopardy does not apply*. [Citation.]" (Emphasis in original and internal quotation marks omitted.) *Id.* at 275. "*In rem* civil forfeiture is a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." *Id.* at 278-79. Another indication that the State Forfeiture Act does not implicate double jeopardy concerns is that the burden of proof lies on the person challenging the forfeiture, and even if no notice is given to any potential objector, the forfeiture can be completed without service. See *id.* at 289.

¶ 16 Our Illinois Supreme Court has found similarly:

"An examination of the provisions of the [State] Forfeiture Act reveals that the General Assembly, in enacting the statute, intended to create a remedial civil sanction. Many of the civil features identified in the federal forfeiture statutes at issue in *Ursery* and *89 Firearms* can also be found in the Illinois act. Turning to the first part of our inquiry, we believe that it is clear that the legislature intended actions brought pursuant to the [State] Forfeiture Act to be remedial civil sanctions. \*\*\*

\*\*\*

6

*** Proceedings under the [State] Forfeiture Act serve important nonpunitive goals. As the Supreme Court noted in *Ursery*, requiring the forfeiture of property used to facilitate a drug violation encourages owners 'to take care in managing their property and ensures that they will not permit that property to be used for illegal purposes.' [Citation.] Moreover, as *Ursery* observes, *in rem* civil forfeiture has not traditionally been viewed as punishment, as that term is used in the double jeopardy context. A further indication that the proceeding is not criminal is found in the absence of a requirement of proof of *scienter* to sustain a forfeiture order; property may be subject to forfeiture even if no one appears to claim it [citation]." *In re P.S.*, 175 Ill. 2d 79, 86-88 (1997).

¶ 17　As the foregoing makes clear, the forfeiture of the property in which the defendant claimed to have an interest is simply not punishment for double jeopardy purposes. It cannot bar his subsequent prosecution under the Methamphetamine Act, and counsel cannot be deemed to have rendered ineffective assistance for failing to argue otherwise. We now turn to the defendant's other claim.

¶ 18　　　　　　　　　　　　　　　Collateral Estoppel

¶ 19　"Collateral estoppel is an equitable doctrine. When properly applied, collateral estoppel, also referred to as issue preclusion, promotes fairness and judicial economy by preventing the relitigation of issues that have already been resolved in earlier actions. [Citation.]" *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77 (2001). "Under the equitable doctrine of collateral estoppel, a valid, final judgment which determines an ultimate fact issue precludes the same parties from relitigating that issue in a future case." *People v. Wouk*, 317 Ill. App. 3d 33, 36-37 (2000).

"Even when the threshold requirements are satisfied, the doctrine [of collateral estoppel] should not be applied unless it is clear that no unfairness will result to the party sought to be estopped. [Citations.] The court determining whether estoppel should apply must balance the need to limit litigation against the right to an adversarial proceeding in which a party is accorded a full and fair opportunity to present his case." *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 388 (2000).

Here, the State's burden in the forfeiture proceeding was to show probable cause that the property may be subject to forfeiture. 725 ILCS 150/3.5 (West 2012). The question before the court regarding the State was merely whether probable cause existed that the property may be subject to forfeiture. The State was not given the opportunity to present a case that the defendant had violated the Methamphetamine Act beyond a reasonable doubt. In fact, the highest burden required to be shown by the State Forfeiture Act was that an exemption to forfeiture existed by a preponderance of the evidence, and that burden only exists for the property claimant. *Id.* § 8.

¶ 20   Section 28 of the Restatement (Second) of Judgments provides valuable insight into this case:[1]

"Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

* * *

---

[1]Our supreme court has cited to section 28 of the Restatement (Second) of Judgments on more than one occasion for multiple different applications. See, *e.g.*, *Talarico v. Dunlap*, 177 Ill. 2d 185, 192 (1997); *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 79 (2001); *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 388 (2000).

(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action *** or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action." Restatement (Second) of Judgments § 28(5) (1982).

¶ 21 Here, both circumstances exist making it improper to preclude the State from showing beyond a reasonable doubt that the defendant violated the Methamphetamine Act. First, estoppel would have a detrimental impact on the public interest in having the Methamphetamine Act enforced. Second, the State did not have an adequate opportunity to show the defendant's guilt beyond a reasonable doubt in the *in rem* action where the action was against the property and the burden required of the State was to show probable cause. No matter how persuasive the State's argument in a forfeiture action may be, no circuit court would rule that the State satisfied its burden of proof beyond a reasonable doubt. The defendant was not denied the effective assistance of trial or appellate counsel based on counsels' failure to argue that the State was estopped from arguing that the evidence demonstrated beyond a reasonable doubt that the defendant violated the Methamphetamine Act.

¶ 22                                    CONCLUSION

¶ 23 The circuit court properly dismissed the defendant's postconviction petition at the first stage of postconviction proceedings because the defendant's claims of ineffective assistance of counsel are meritless. Therefore, OSAD's motion to withdraw is granted, and the judgment of the circuit court of Union County is affirmed.

9

¶ 24    Motion granted; judgment affirmed.