Docket Nos. 91012, 91013, 91044, 91045, 91046, 91047, 91048, 91049, 91050, 91051, 91052, 91328 cons.–Agenda 12–September 2002.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SALATHEO MOSS 
et al.
, Appellees.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SALATHEO MOSS 
et al
., Appellees.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DAVID MONTAGUEO, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOSEPH CAMPOS, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ANGEL GARCIA, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MYCHAEL HORTON, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. EDDIE REESE, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOE HUNT, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MARCO GARCIA, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ANGELO SCOTT, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DARVUS BARNETTE, Appellee.–THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. STEFFON MEADERDS, Appellee.

Opinion filed June 19, 2003.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

The common question presented in these 12 consolidated appeals is whether sentencing enhancements added to certain offenses by Public Act 91–404 (Pub. Act 91–404, §5, eff. January 1, 2000) are constitutional. Public Act 91–404 amended the penalty portions of several statutes by adding what have been referred to as the “15/20/25-to-life” provisions. Under these provisions, a mandatory enhancement is added to the defendant’s sentence if a firearm was used in the commission of the offense. The length of the enhancement varies depending on how the firearm was used. In the case at bar, defendants were charged with various offenses whose penalties were amended by Public Act 91–404, including attempted first degree murder (720 ILCS 5/8–4, 9–1 (West 2000)), armed robbery (720 ILCS 5/18–2 (West 2000)), aggravated vehicular hijacking (720 ILCS 5/18–4 (West 2000)), and aggravated kidnapping (720 ILCS 5/10–2 (West 2000)). In each case, defendants filed pretrial motions alleging that the Public Act 91–404 sentencing enhancements were unconstitutional.

The circuit court of Cook County heard and decided the pretrial motions. Nine of the cases were consolidated before one judge, who found that the sentencing amendments violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11) and the general prohibition against double enhancement (
People v. Gonzalez
, 151 Ill. 2d 79, 83-84 (1992)). The judge granted defendants’ motions to dismiss, some in full and some in part. A second judge heard arguments in the tenth case and found that the amendments at issue violated the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1). The judge in that case dismissed the armed robbery count against defendant. The two remaining cases were consolidated before a third judge, who found that the amendments violated both the proportionate penalties and the double jeopardy clauses of the Illinois Constitution (Ill. Const. 1970, art. I, §§10, 11). Interpreting this third ruling as effectively dismissing the relevant charges, the State appealed all three orders directly to this court, pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603). For the reasons set forth below, we affirm in part and reverse in part the judgements of the circuit court.

BACKGROUND

Causes Nos. 91044 Through 91052

In cause No. 91044, defendant David Montagueo was charged by information with one count of armed robbery with a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)). According to the information, on January 26, 2000, Montagueo, while armed with a handgun, took United States currency from the victim. Prior to trial, Montagueo moved to dismiss the charge on the ground that the additional 15-year penalty mandated for this offense violated, 
inter alia
, the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11) and the prohibition against double enhancement.

In causes Nos. 91045 and 91046, indictments charged defendants Joseph Campos and Angel Garcia, respectively, with multiple offenses (16 counts) stemming from the February 1, 2000, taking of a motor vehicle and other items from the victim. Included among the charges were two counts of attempted first degree murder, one with a firearm and one with personal discharge of a firearm (720 ILCS 5/8–4(a), (c)(1)(B), (c)(1)(C), 9–1(a)(1) (West 2000)); two counts of aggravated vehicular hijacking, one with a firearm and one with personal discharge of a firearm (720 ILCS 5/18–4(a)(4), (a)(5), (b) (West 2000)); two counts of armed robbery, one with a firearm and one with personal discharge of a firearm (720 ILCS 5/18–2(a)(2), (a)(3), (b) (West 2000)); and four counts of aggravated kidnapping, two with a firearm and two with personal discharge of a firearm (720 ILCS 5/10–2(a)(6), (a)(7), (b) (West 2000)). Defendants in these two cases filed essentially the same pretrial motion as did Montagueo. Campos and Garcia moved to dismiss the relevant charges against them on the basis that the additional 15- and 20-year penalties mandated for these offenses were unconstitutionally disproportionate. They also alleged, 
inter alia
, that the penalties violated the prohibition against double enhancement.

The indictment in cause No. 91047 charged defendant Mychael Horton with multiple offenses (five counts) in connection with a shooting that occurred on March 31, 2000. Included in the charges were two counts of attempted murder, one with a firearm and one with personal discharge of a firearm causing great bodily harm (720 ILCS 5/8–4(a), (c)(1)(B), (c)(1)(D), 9–1(a)(1) (West 2000)). As in the previous cases, Horton filed a pretrial motion to dismiss the attempted murder counts on the ground that the additional 15- and 25-years-to-life penalties mandated for these offenses were, 
inter alia
, unconstitutionally disproportionate and a violation of the prohibition against double enhancement.

Eddie Reese, the defendant in cause No. 91048, was charged by indictment with multiple offenses (six counts) stemming from a shooting that occurred on February 24, 2000. Included among the charges were four counts of attempted first degree murder, two with a firearm (one for each of the two victims) and two with personal discharge of a firearm (one for each of the two victims) (720 ILCS 5/8–4(a), (c)(1)(B), (c)(1)(C), 9–1(a)(1) (West 2000)). Reese based his pretrial motion to dismiss on the same grounds that were cited in the previous cases.

In cause No. 91049, defendant Joe Hunt was charged in a 10-count indictment with, 
inter alia
, two counts of attempted murder, one with a firearm and one with personal discharge of a firearm causing great bodily harm (720 ILCS 5/8–4(a), (c)(1)(B), (c)(1)(D), 9–1(a)(1) (West 2000)); and two counts of armed robbery, one with a firearm and one with personal discharge of a firearm causing great bodily harm (720 ILCS 5/18–2(a)(2), (a)(4), (b) (West 2000)). According to the indictment, Hunt took United States currency from the victim in a robbery that occurred on August 29, 2000. Hunt filed essentially the same pretrial motion to dismiss as was filed in the previous cases, based on the same grounds.

Among the charges included in a 26-count indictment against Marco Garcia, defendant in cause No. 91050, were two counts of attempted murder of a peace officer with personal discharge of a firearm (720 ILCS 5/8–4(a), (c)(1)(C), 9–1(a)(1), (b)(1) (West 2000)), one for each of two Chicago police officers at whom Garcia allegedly shot on August 20, 2000. The indictment also charged Garcia with, 
inter alia
, 12 counts of attempted murder, six with a firearm and six with personal discharge of a firearm (720 ILCS 5/8–4(a), (c)(1)(B), (c)(1)(C), 9–1(a)(1) (West 2000)). According to the indictment, Garcia shot at four other victims in addition to the two police officers. Garcia filed essentially the same pretrial motion to dismiss as did defendants in the previous cases.

In cause No. 91051, defendant Darvus Barnette was charged in a four-count indictment with two counts of aggravated vehicular hijacking with a firearm (720 ILCS 5/18–4(a)(4), (b) (West 2000)) and two counts of armed robbery with a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)). According to the allegations in the indictment, on September 3, 2000, Barnette took a motor vehicle from the two victims, a cellular telephone from one of them, and United States currency from the other. Prior to trial, Barnette moved to dismiss the indictment on the same grounds cited in the previous cases.

Angelo Scott, defendant in cause No. 91052, was charged by indictment (10 counts) with, 
inter alia
, one count of armed robbery with a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)). According to the indictment, on October 14, 2000, Scott took a wallet and United States currency from the victim. As in the previous cases, Scott filed a pretrial motion to dismiss the indictment on the ground that the 15-year additional penalty mandated for this offense was unconstitutional.

As noted, these nine cases were consolidated before one circuit court judge. On January 17, 2001, the judge granted defendants’ motions to dismiss, some in full and some only in part. The circuit court found that the 15- and 20-year additions mandated by Public Act 91–404 violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). The court explicitly found that there was “no disproportionateness in the case of the 25 years to life enhancement in cases resulting [in] great bodily harm or death.” The circuit court also found that all of the 15-20-25 to life provisions violated the prohibition against double enhancement.

With regard to these nine consolidated cases, the circuit court dismissed the following counts: 
cause No. 91044
 (David Montagueo), count I (armed robbery with a firearm) (720 ILCS 5/18–2(a)(2) (West 2000)), which constituted the entire indictment; 
causes Nos. 91045 and 91046
 (Joseph Campos and Angel Garcia), counts I and VII (attempted first degree murder with personal discharge of a firearm, and with a firearm) (720 ILCS 5/8–4(a), (c)(1)(C), (c)(1)(B), 9–1(a)(1) (West 2000)); counts II and VIII (aggravated vehicular hijacking with personal discharge of a firearm, and with a firearm) (720 ILCS 5/18–4(a)(5), (a)(4), (b) (West 2000)); counts III and IX (armed robbery with personal discharge of a firearm, and with a firearm) (720 ILCS 5/18–2(a)(3), (a)(2), (b) (West 2000)); and counts IV, V, X and XI (aggravated kidnapping with personal discharge of a firearm, and with a firearm) (720 ILCS 5/10–2(a)(7), (a)(6), (b) (West 2000)); 
cause No. 91047 
(Mychael Horton), count II (attempted first degree murder with personal discharge of a firearm causing great bodily harm) (720 ILCS 5/8–4(a), (c)(1)(D), 9–1(a)(1) (West 2000)); 
cause No. 91048
 (Eddie Reese), counts III and IV (attempted first degree murder with personal discharge of a firearm) (720 ILCS 5/8–4(a), (c)(1)(C), 9–1(a)(1) (West 2000)); 
cause No. 91049
 (Joe Hunt), count II (attempted first degree murder with personal discharge of a firearm causing great bodily harm) (720 ILCS 5/8–4(a), (c)(1)(D), 9–1(a)(1) (West 2000)); and counts IV and V (armed robbery with a firearm, and with personal discharge of a firearm causing great bodily harm) (720 ILCS 5/18–2(a)(2), (a)(4), (b) (West 2000)); 
cause No. 91050
 (Marco Garcia), counts I and II (attempted first degree murder of a peace officer with personal discharge of a firearm) (720 ILCS 5/8–4(a), (c)(1)(C), 9–1(a)(1), (b)(1) (West 2000)); and counts IX through XIV (attempted first degree murder with personal discharge of a firearm) (720 ILCS 5/8–4(a), (c)(1)(C), 9–1(a)(1) (West 2000)); 
cause No. 91051
 (Darvus Barnette), counts I and II (aggravated vehicular hijacking with a firearm) (720 ILCS 5/18–4(a)(4), (b) (West 2000)); and counts III and IV (armed robbery with a firearm) (720 ILCS 5/18–2(a)(2), (b) (West 2000)), which constituted the entire indictment; and 
cause No. 91052
 (Angelo Scott), count II (armed robbery with a firearm) (720 ILCS 5/18–2(a)(2) (West 2000)).

Cause No. 91328

In cause No. 91328, defendant Steffon Meaderds was charged by information with multiple offenses (seven counts) stemming from an incident that took place on May 30, 2000. Among the charges included in the information was one count of armed robbery with a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)). According to the information, Meaderds, while armed with a firearm, took a wallet and United States currency from the victim. Prior to trial, Meaderds filed a motion to dismiss the armed robbery charge on the ground that the 15-year additional penalty mandated for this offense violated, 
inter alia
, the proportionate penalties clause and the separation of powers clause of the Illinois Constitution. (Ill. Const. 1970, art. I, §11; art. II, §1).

On January 5, 2001, the circuit court of Cook County granted defendant’s motion to dismiss the armed robbery count. In its written order, the court noted that under the amended penalty provision in the armed robbery statute, the mandatory additional penalties are to be “added to the term of imprisonment imposed by the court.” 720 ILCS 5/18–2(b) (West 2000). While the circuit court found this language unclear, it interpreted it as indicating that someone other than the court was to impose the additional penalties. This, the court concluded, was a usurpation of the court’s sentencing power. The court thus found that the Public Act 91–404 sentencing amendments to the armed robbery statute violated the separation of powers clause of the Illinois Constitution.
(footnote: 1)

Causes Nos. 91012 and 91013

In causes Nos. 91012 and 91013, defendants Salatheo Moss and Thomas Gibson were charged by indictment with multiple offenses in connection with two robberies that took place on January 2, 2000. In cause No. 91012, the charges in the four-count indictment included one count of armed robbery with a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)). According to the indictment, Moss and Gibson, while armed with a firearm, took jewelry, a purse and its contents from the victim. In cause No. 91013, the charges in the five-count indictment included two counts of armed robbery with a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)), one count for each of the two victims. The indictment alleges that Moss and Gibson, while armed with a firearm, took jewelry and United States currency from the victims. Moss and Gibson filed pretrial motions seeking a declaration that the 15-year add-on mandated for armed robbery with a firearm violated the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, §1). Gibson’s motion alleged in addition that the sentencing provision was vague in that it failed to state who, other than the court, was to impose the additional penalty.

On October 4, 2000, the circuit court of Cook County granted defendants’ motions to declare the Public Act 91–404 sentencing amendments to the armed robbery statute unconstitutional.
 
The court found the amended sentencing portion of the armed robbery statute unconstitutionally vague and a violation of the separation of powers clause (Ill. Const. 1970, art. II, §1) and the due process clause of the fifth amendment to the United States Constitution (U.S. Const., amend. V).

On February 9, 2001, upon motion for reconsideration by the State, the circuit court vacated its previous order but nevertheless found the sentencing portion of the armed robbery statute unconstitutional, this time on different grounds. According to the court, the Public Act 91–404 amendments to the armed robbery statute violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). The court also found that the amendments violated the double jeopardy clause of the Illinois Constitution (Ill. Const. 1970, art. I, §10).

Interpreting this third order of the circuit court as effectively dismissing the charges of armed robbery with a firearm against defendants in causes Nos. 91012 and 91013, the State appeals this ruling as well as the other two (in causes Nos. 91044 through 91052, and cause No. 91328) directly to this court. 134 Ill. 2d R. 603.

ANALYSIS

The main purpose of Public Act 91–404, as stated in the act, is “to deter the use of firearms in the commission of a felony offense” (Pub. Act 91–404, §5, eff. January 1, 2000 (codified at 720 ILCS 5/33A–1 (West 2000)). 
People v. Walden
, 199 Ill. 2d 392, 395-96 (2002). In order to achieve this purpose, the act amended the sentencing portions of several provisions in the Criminal Code of 1961 (Criminal Code), including those criminalizing 10 offenses that the legislature felt were “the most serious offenses” (91st Ill. Gen. Assem., House Proceedings, May 13, 1999, at 67-68 (statements of Representative Turner)). Included among these 10 offenses are the four at issue in the instant appeals: attempted first degree murder, aggravated kidnapping, armed robbery, and aggravated vehicular hijacking. The additions to the penalties for these offenses are what have been referred to as the “15/20/25-to- life” provisions. Public Act 91–404 also amended the penalties for armed violence (720 ILCS 5/33A–3 (West 2000)), but these changes did not include the “15/20/25-to-life” measures. The act also added three definitions to the “General Definitions” section of the Criminal Code.

We begin by setting out the amended statutes relevant to these appeals. The measures added to the “General Definitions” section include sections 2–3.6, 2–7.5, and 2–15.5 of the Criminal Code. Section 2–3.6 provides:

“ ‘Armed with a firearm’[.] Except as otherwise provided in a specific Section, a person is considered ‘armed with a firearm’ when he or she carries on or about his or her person or is otherwise armed with a firearm.” 720 ILCS 5/2–3.6 (West 2000).

Section 2–7.5 states:

“ ‘Firearm’. Except as otherwise provided in a specific Section, ‘firearm’ has the meaning ascribed to it in Section 1.1 of the Firearm Owners Identification Card Act [430 ILCS 65/1.1 (West 2000)].” 720 ILCS 5/2–7.5 (West 2000).

Section 2–15.5 provides:

“ ‘Personally discharged a firearm’. A person is considered to have ‘personally discharged a firearm’ when he or she, while armed with a firearm, knowingly and intentionally fires a firearm causing the ammunition projectile to be forcefully expelled from the firearm.” 720 ILCS 5/2–15.5 (West 2000).

 The attempt statute, section 8–4 of the Criminal Code, provides in pertinent part:

“(a) Elements of the Offense.

A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.

* * *

(c) Sentence.

A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A–2 of this Act [armed violence],

(1) the sentence for attempt to commit first degree murder is the sentence for a Class X felony, except that

***

(B) an attempt to commit first degree murder while armed with a firearm is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court;

(C) an attempt to commit first degree murder during which the person personally discharged a firearm is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the court;

(D) an attempt to commit first degree murder during which the person personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person, is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court.” 720 ILCS 5/8–4 (West 2000).

As is shown in the statute set forth above, the 15/20/25-to-life provisions require additional terms of imprisonment where a firearm is used in the commission of the offense. The length of the additional term depends on how the firearm is used. Hence, where the firearm is merely possessed, the required addition is 15 years. Where it is personally discharged, an additional 20 years is mandated. Finally, where the firearm is personally discharged and it proximately causes great bodily harm, permanent disability, permanent disfigurement, or death, an enhancement of 25 years to life must be added to the term of imprisonment imposed by the court.

These same penalty provisions were added to the other three statutes at issue in these appeals: aggravated kidnapping, armed robbery, and aggravated vehicular hijacking. The aggravated kidnapping statute, section 10–2 of the Criminal Code, provides in pertinent part:

“(a) A kidnaper within the definition of paragraph (a) of Section 10–1 [kidnapping] is guilty of the offense of aggravated kidnaping when he:

* * *

(5) Commits the offense of kidnaping while armed with a dangerous weapon, other than a firearm, as defined in Section 33A–1 of the ‘Criminal Code of 1961’, or

(6) Commits the offense of kidnaping while armed with a firearm, or

(7) During the commission of the offense of kidnaping, personally discharged a firearm, or

(8) During the commission of the offense of kidnaping, personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person.

***

(b) Sentence. Aggravated kidnaping in violation of paragraph (1), (2), (3), (4), or (5) of subsection (a) is a Class X felony. A violation of subsection (a)(6) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(7) is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(8) is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court.” 720 ILCS 5/10–2 (West 2000).

The armed robbery statute, section 18–2 of the Criminal Code, states:

“(a) A person commits armed robbery when he or she violates Section 18–1 [robbery]; and

(1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or

(2) he or she carries on or about his or her person or is otherwise armed with a firearm; or

(3) he or she, during the commission of the offense, personally discharges a firearm; or

(4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.

(b) Sentence.

Armed robbery in violation of subsection (a)(1) is a Class X felony. A violation of subsection (a)(2) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(3) is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(4) is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court.” 720 ILCS 5/18–2 (West 2000).

Finally, the aggravated vehicular hijacking statute, section 18–4 of the Criminal Code, provides in pertinent part:

“(a) A person commits aggravated vehicular hijacking when he or she violates Section 18–3 [vehicular hijacking]; and

* * *

(3) he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon, other than a firearm; or

(4) he or she carries on or about his or her person or is otherwise armed with a firearm; or

(5) he or she, during the commission of the offense, personally discharges a firearm; or

(6) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.

(b) Sentence. Aggravated vehicular hijacking in violation of subsections (a)(1) or (a)(2) is a Class X felony. Aggravated vehicular hijacking in violation of subsection (a)(3) is a Class X felony for which a term of imprisonment of not less than 7 years shall be imposed. Aggravated vehicular hijacking in violation of subsection (a)(4) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court. Aggravated vehicular hijacking in violation of subsection (a)(5) is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the court. Aggravated vehicular hijacking in violation of subsection (a)(6) is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court.” 720 ILCS 5/18–4 (West 2000).

We note initially that the constitutionality of some of the sentencing measures at issue in these appeals has already been determined by this court. In 
People v. Morgan
, 203 Ill. 2d 470, 492 (2002), we held that “the attempt statute (720 ILCS 5/8–4 (West 2000)), as amended by Public Act 91–404, adding the ‘15/20/25-to-life’ sentencing provisions to the offense of attempted first degree murder, [is] unconstitutional.” In addition, this court concluded in 
People v. Walden
, 199 Ill. 2d 392 (2002), that the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)) violated the proportionate penalties clause of the Illinois Constitution and therefore was unenforceable. Accordingly, in the instant case we affirm the circuit court’s dismissal of all of the attempted murder counts, as well as the charges of armed robbery with a firearm. Because two of the three circuit court decisions under review–the ruling in causes Nos. 91012 and 91013, and the decision in cause No. 91328–involved only armed robbery with a firearm, these two decisions are affirmed.

The counts that remain, which were dismissed in the decision below in causes Nos. 91044 through 91052, involve armed robbery, aggravated kidnapping, and aggravated vehicular hijacking. The remaining armed robbery counts include: one count of armed robbery with personal discharge of a firearm against defendants Joseph Campos and Angel Garcia, and one count of armed robbery with personal discharge of a firearm causing great bodily harm against defendant Joe Hunt. The remaining aggravated kidnapping charges include: two counts of aggravated kidnapping with a firearm and two counts of aggravated kidnapping with personal discharge of a firearm, all against Campos and Garcia. Four counts of aggravated vehicular hijacking are still at issue: one count of aggravated vehicular hijacking with a firearm against Campos and Garcia; two counts of aggravated vehicular hijacking with a firearm against defendant Darvus Barnette; and one count of aggravated vehicular hijacking with personal discharge of a firearm against Campos and Garcia.

Standard of Review

A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. 
People v. Malchow
, 193 Ill. 2d 413, 418 (2000). This court has a duty to construe a statute in a manner that upholds its validity and constitutionality if it can reasonably be done. 
Malchow
, 193 Ill. 2d at 418. The question of whether a statute is constitutional is subject to 
de novo
 review. 
People v. Carney
, 196 Ill. 2d 518, 526 (2001).

Proportionate Penalties Violation

In the case at bar, the circuit court judge who dealt with causes Nos. 91044 through 91052 concluded that two of the three Public Act 91–404 sentencing enhancements–the 15-year addition required for carrying a firearm and the 20-year enhancement for personally discharging a firearm–violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). This provision dictates that “[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.” Ill. Const. 1970, art. I, §11. The circuit court based its conclusion that the proportionate penalties clause was violated on its comparison of the “Public Act 91–404[ ] enactments [with] other offenses which expressly require the possession or use of firearms.” Pointing, for example, to aggravated battery with a firearm (720 ILCS 5/12–4.2 (West 2000)), the circuit court first noted the similarity of purpose between this statute, which targets “the specific act of knowingly discharging a firearm and inflicting injury,” and the Public Act 91–404 amendments, which are aimed at deterring the use of firearms in the commission of a felony. The court then looked at the punishment for aggravated battery with a firearm (720 ILCS 5/12–4.2(a)(1) (West 2000)), which is a Class X felony with a penalty of 6 to 30 years’ imprisonment (720 ILCS 5/12–4.2(b) (West 2000); 730 ILCS 5/5–8–1(a)(3) (West 2000)). In comparing this penalty with the 15-year enhancement required by Public Act 91–404 when the offender is armed with a firearm, the circuit court stated:

“[B]ecause aggravated battery with a firearm carries a penalty of 6 to 30 years [of] imprisonment, a person who intentionally shoots an individual [aggravated battery with a firearm] faces a minimum penalty that is 
less than a third
 of the 21-year minimum [six-year Class X minimum plus 15-year add-on] for an armed robbery where the firearm is simply possessed, but not fired.” (Emphasis added.)

Similarly, the circuit court found that the 20-year addition mandated when a firearm is personally discharged produced a penalty that was disproportionate to the punishment for aggravated discharge of a firearm (720 ILCS 5/24–1.2 (West 2000)). The court quoted from this statute, which provides in pertinent part:

“(a) A person commits aggravated discharge of a firearm when he or she knowingly or intentionally:

***

(2) Discharges a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person.” 720 ILCS 5/24–1.2(a)(2) (West 2000)).

Noting that aggravated discharge of a firearm “requires that a weapon be discharged in the direction of another person,” the circuit court concluded that this conduct represented a more serious threat to the public health, safety, and general welfare than did the conduct targeted by the second level of the 15/20/25-to-life provisions, “which simply proscribe[s] the discharge of a firearm during the commission of a given offense.” Aggravated discharge of a firearm is a Class 1 felony (720 ILCS 5/24–1.1(a)(2), (b) (West 2000)) and therefore carries a lesser penalty than a Class X felony. The court stated:

“Given that aggravated discharge of a firearm carries a potential sentence of probation, or 4 to 15 years imprisonment, that penalty is clearly disproportionate to the 26-year add[-]on [six-year Class X minimum plus 20-year addition] required where a firearm is discharged during the course of an armed robbery.”

In evaluating whether a proportionate penalties violation has been established, the central question is whether the penalty at issue has been set by the legislature “according to the seriousness of the offense.” Ill. Const. 1970, art. I, §11; see also 
People v. Lombardi
, 184 Ill. 2d 462, 473-74 (1998) (proportionate penalties clause requires legislature to proportion penalties according to the seriousness of offenses). This court has employed three separate tests in making this determination. First, a penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. See 
People v. Bailey
, 167 Ill. 2d 210, 236 (1995); 
Lombardi
, 184 Ill. 2d at 474. Second, a penalty violates the proportionate penalties clause where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more severely. See 
People v. Davis
, 177 Ill. 2d 495, 503 (1997); 
Lombardi
, 184 Ill. 2d at 474. Finally, the proportionate penalties clause is violated where offenses with identical elements are given different sentences. See 
People v. Lewis
, 175 Ill. 2d 412, 417-18 (1996); 
People v. Walden
, 199 Ill. 2d 392, 394 (2002).

In the case at bar, the circuit court employed the second, or cross-comparison test, in comparing the Public Act 91–404 amendments with the aggravated battery with a firearm and aggravated discharge of a firearm statutes. This sort of cross-comparison analysis involves a two-step inquiry: (1) whether the measures being compared share “common statutory purposes” (
Lombardi
, 184 Ill. 2d at 476; 
Walden
, 199 Ill. 2d at 395), and (2) if the purposes are related, whether the less serious offense is punished more harshly than the more serious offense (
Lombardi
, 184 Ill. 2d at 475-76; see 
Davis
, 177 Ill. 2d at 506). With regard to the first of these two steps, it is well settled that if the statutory purposes are different, comparative proportionality review is inappropriate. 
Davis
, 177 Ill. 2d at 506. This is because, where statutes are enacted for different purposes, we presume that the legislature considered different factors in establishing the respective punishments, and we defer to the legislature’s judgment. 
Lombardi
, 184 Ill. 2d at 476; 
Walden
, 199 Ill. 2d at 395. Regarding the second step in the cross-comparison inquiry–the determination of whether a less serious offense is punished more severely than a more serious crime–it is a violation of the proportionate penalties clause “if the penalty prescribed for a less serious offense is greater than the penalty prescribed for a more serious offense.” 
People v. Lee
, 167 Ill. 2d 140, 144 (1995), citing 
People v. Wisslead
, 94 Ill. 2d 190, 196 (1983); see also 
People v. Davis
, 177 Ill. 2d 495, 504-05 (1997) (“the proportionate penalties clause is violated where different offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more harshly”).

The State argues that the circuit court erred as to both prongs of this inquiry. According to the State, the statutes containing the 15/20/25-to-life provisions do not have the same or similar purpose as the aggravated battery with a firearm and aggravated discharge of a firearm statutes. Thus the State contends that it was inappropriate for the circuit court to conduct comparative proportionality review as to these provisions. Even if such review were appropriate, the State argues in the alternative, the conduct targeted by the aggravated battery with a firearm and aggravated discharge of a firearm statutes is less serious than the conduct proscribed by the 10 statutes containing the 15/20/25-to-life enhancements. The State therefore contends that the disparity in the penalties does not render the Public Act 91–404 enhancements unconstitutionally disproportionate. We consider each of these arguments in turn.

Regarding the State’s similarity-of-purpose argument, the circuit court below concluded that the statutes proscribing the offenses at issue, such as armed robbery with a firearm and aggravated kidnapping with personal discharge of a firearm, shared a similar purpose with the aggravated battery with a firearm and aggravated discharge of a firearm statutes, respectively. In describing the purpose of the amended statutes, the circuit court looked to the express aim of the Public Act 91–404 amendments, which is “to deter the use of firearms in the commission of a felony offense.” Pub. Act 91–404, §5, eff. January 1, 2000 (codified at 720 ILCS 5/33A–1(b)(1) (West 2000)). As to the purpose of the aggravated battery with a firearm and aggravated discharge of a firearm statutes, the circuit court noted that both offenses “expressly require the possession or use of firearms,” as do the 10 statutes amended by Public Act 91–404. The aggravated battery with a firearm statute targets conduct that causes injury through the knowing or intentional discharge of a firearm, and the aggravated discharge of a firearm statute proscribes the intentional discharging of a firearm at or in the direction of another person.

The State argues that the circuit court’s analysis is flawed because, with regard to the 10 amended statutes, this analysis focuses on the purpose of the Public Act 91–404 amendments rather than on the purpose of the statutes themselves. According to the State, the purpose of the armed robbery with a firearm statute, for example, “is to deter/punish the unauthorized, forcible taking of another’s property.” Similarly, the purpose of the aggravated vehicular hijacking statute, the State argues, is “to deter/punish the unauthorized taking of another’s motor vehicle.” Noting that these offenses “do[ ] not necessarily involve firearms,” the State maintains that the purposes of these statutes differ from those of the aggravated battery with a firearm and aggravated discharge of a firearm statutes, which focus on the use of firearms. Because of this difference in purpose, the State argues that comparative proportionality review is inappropriate here, and the circuit court should not have proceeded to the second stage of this review. We disagree.

The issue regarding the first stage of a cross-comparison analysis has already been decided. In 
People v. Walden
, 199 Ill. 2d 392 (2002), as previously noted, this court held that the 15-year enhancement mandated by Public Act 91–404 for armed robbery while in possession of a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)) was unconstitutionally disproportionate. In reaching this conclusion, we engaged in the same sort of cross-comparison analysis as did the circuit court in the case at bar. In 
Walden
 we compared the statute for armed robbery while in possession of a firearm, the offense with which the defendant was charged, with the statute for armed violence predicated upon aggravated robbery (720 ILCS 5/33A–2, 18–5(a) (West 2000)). In the first stage of this analysis, we concluded that the two statutes shared “an identical statutory purpose: to deter the use of firearms in the commission of felonies.” 
Walden
, 199 Ill. 2d at 396. With regard to the armed robbery with a firearm statute, we found that this purpose was evident in the statement of legislative intent included in Public Act 91–404. This statement provided:

“In order to deter the use of firearms in the commission of a felony offense, the General Assembly deems it appropriate for a greater penalty to be imposed when a firearm is used or discharged in the commission of an offense than the penalty imposed for using other types of weapons and for the penalty to increase on more serious offenses.” 720 ILCS 5/33A–1(b)(1) (West 2000), quoted in 
Walden
, 199 Ill. 2d at 396.

Thus in 
Walden 
we equated the purpose of the Public Act 91–404 amendments with the purpose for the armed robbery while in possession of a firearm statute.

This analysis runs counter to the State’s argument that such legislative purposes must be determined by looking to the underlying offense itself, 
e.g.
, robbery, rather than to the purpose for the Public Act 91–404 amendments. The State recognizes the disparity between its argument and 
Walden
, and argues that 
Walden 
was wrongly decided. We disagree, and decline the State’s invitation to overrule 
Walden
. Instead, we hold that, based on the reasoning in 
Walden
, the circuit court below correctly concluded that the statutes carrying the 15- and 20-year sentence enhancements had a similar purpose to the statutes for aggravated battery with a firearm and aggravated discharge of a firearm. Because of this similarity of purpose, the circuit court was correct to proceed to the next step in the cross-comparison analysis.

The State argues in the alternative that even if it were proper to proceed to the second stage of this review, the circuit court’s analysis in the second stage also is flawed. According to the State, the offenses carrying the 15/20/25-to-life sentence enhancements are more serious than aggravated battery with a firearm and aggravated discharge of a firearm. Thus there is no violation of the proportionate penalties clause, which requires only that the penalty for a more serious offense be equal to or greater than–but not less than–the penalty for a less serious offense. 
Lee
, 167 Ill. 2d at 144; 
Wisslead
, 94 Ill. 2d at 196.

The circuit court below found that aggravated battery with a firearm and aggravated discharge of a firearm were more serious than the offenses carrying the 15- and 20-year sentence enhancements. It was thus a violation of the proportionate penalties clause for the former two offenses, though more serious, to be punished less severely.

The State contends that the 15/20/25-to-life offenses–
e.g.
, armed robbery with a firearm and aggravated kidnapping with a firearm–are more serious because they involve elements in addition to firearm conduct. Armed robbery with a firearm, for example, requires the possession of a firearm while committing the offense of robbery. Similarly, aggravated kidnapping with a firearm involves the possession of a firearm while committing the offense of kidnapping. By contrast, no additional felonies are involved in aggravated battery with a firearm and aggravated discharge of a firearm, which focus on the firearm conduct itself.

In support of its argument the State points to the legislative findings and legislative intent sections of Public Act 91–404. Under “Legislative findings,” the act states in pertinent part:

“Current law does contain offenses involving the use or discharge of a gun toward or against a person, such as aggravated battery with a firearm, aggravated discharge of a firearm, and reckless discharge of a firearm; however, the General Assembly has legislated greater penalties for the commission of a felony while in possession of a firearm because it deems such acts as more serious.” Pub. Act 91–404, §5, eff. January 1, 2000 (codified at 720 ILCS 5/33A–1(a)(3) (West 2000)).

Under “Legislative intent,” the act provides in pertinent part:

“With the additional elements of the discharge of a firearm and great bodily harm inflicted by a firearm being added to armed violence and other serious felony offenses, it is the intent of the General Assembly to punish those elements more severely during commission of a felony offense than when those elements stand alone as the act of the offender.” Pub. Act 91–404, §5, eff. January 1, 2000 (codified at 720 ILCS 5/33A–1(b)(2) (West 2000)).

Based on these statements, the State asserts that the possession or use of a firearm in the commission of certain felonies, 
e.g.
, vehicular hijacking, is regarded by the legislature as more serious than the use of a firearm where such use is the sole act of the offender. Thus it is the legislature’s intent that offenses such as armed robbery with a firearm or aggravated kidnapping with personal discharge of a firearm be punished more severely than aggravated battery with a firearm and aggravated discharge of a firearm. The State contends that we should defer to this legislative judgment regarding the comparative seriousness of these offenses. We disagree.

In the case at bar, as noted, the circuit court concluded that aggravated battery with a firearm and aggravated discharge of a firearm are more serious than the Public Act 91–404 offenses requiring the possession or discharge of a firearm. As the court noted, aggravated battery with a firearm (720 ILCS 5/12–4.2(a)(1) (West 2000)) “requires injury resulting to a person through the knowing or intentional discharge of a firearm.” See 
Lee
, 167 Ill. 2d at 146. By contrast, Public Act 91–404 offenses such as armed robbery with a firearm, aggravated kidnapping with a firearm, and aggravated vehicular hijacking with a firearm require only that the firearm be possessed, not that it be fired. “[A] person is considered ‘armed with a firearm’ when he or she carries on or about his or her person or is otherwise armed with a firearm.” Pub. Act 91–404, §5, eff. January 1, 2000 (codified at 720 ILCS 5/2–3.6 (West 2000)).

Similarly, the circuit court noted that the offense of aggravated discharge of a firearm (720 ILCS 5/24–1.2(a)(2) (West 2000)) focuses on “the intentional firing of a weapon at or in the direction of individuals.” However, corresponding Public Act 91–404 offenses such as armed robbery with personal discharge of a firearm, aggravated kidnapping with personal discharge of a firearm, and aggravated vehicular hijacking with personal discharge of a firearm require only that the firearm be discharged, not that it be discharged in the direction of a person. “A person is considered to have ‘personally discharged a firearm’ when he or she, while armed with a firearm, knowingly and intentionally fires a firearm causing the ammunition projectile to be forcefully expelled from the firearm.” Pub. Act 91–404, §5, eff. January 1, 2000 (codified at 720 ILCS 5/2–15.5 (West 2000)).

Notwithstanding the foregoing, the State argues that the circuit court’s analysis is flawed because the court accorded too much weight to the degree of harm caused by the respective offenses. The State notes correctly that the degree of harm is not the only factor to be considered in determining the seriousness of an offense. Other factors include the frequency of the crime and the high risk of bodily harm associated with it. 
Lee
, 167 Ill. 2d at 146; 
People v. Hill
, 199 Ill. 2d 440, 454 (2002). Nevertheless, the extent of harm remains a relevant consideration. 
Lee
, 167 Ill. 2d at 146. Moreover, in making its determination as to the relative seriousness of the offenses, the circuit court considered not only the degree of harm but the risk of bodily harm as well. For example, in comparing aggravated discharge of a firearm with the Public Act 91–404 offenses involving personal discharge of a firearm, the circuit court noted that the former offense focuses on “the intentional firing of a weapon 
at or in the direction of individuals
” (emphasis added), while the latter offenses require only that the firearm be discharged, not that it be discharged in the direction of a person. The risk of bodily harm clearly is greater where an offense involves the discharge of a firearm 
at someone
, than it is where the offense merely requires the discharge of the firearm. Thus, it was not only the degree of harm that the circuit court considered in determining the seriousness of these offenses; the court also considered the high risk of bodily harm. See 
Lee
, 167 Ill. 2d at 146; 
Hill
, 199 Ill. 2d at 454.

We agree with the circuit court that the additional elements in aggravated battery with a firearm (injury resulting from the intentional discharge of a firearm) and aggravated discharge of a firearm (discharge of a firearm in the direction of another person) render these offenses a greater “threat to the public health and safety” (
Lombardi
, 184 Ill. 2d at 474; see 
Davis
, 177 Ill. 2d at 503) than the corresponding Public Act 91–404 offenses, which, with respect to the firearm, require only its possession or its discharge. We reject the legislature’s judgment to the contrary. While such legislative judgments normally are accorded deference (
Hill
, 199 Ill. 2d at 454; 
Davis
, 177 Ill. 2d at 502-03), we agree with the circuit court that in this instance such deference is unwarranted.

Having concluded that aggravated battery with a firearm and aggravated discharge of a firearm are more serious than the corresponding Public Act 91–404 offenses, we must determine whether these more serious offenses are punished more or less harshly than those creating a less serious threat to the public health and safety. 
Davis
, 177 Ill. 2d at 503, 504-05; 
Lombardi
, 184 Ill. 2d at 474. This inquiry is not difficult. As noted, the relevant Public Act 91–404 offenses–those involving possession of a firearm and discharge of a firearm–require mandatory add-ons of 15 years and 20 years, respectively, creating sentencing ranges of 21 to 45 years and 26 to 50 years. By contrast, aggravated battery with a firearm (720 ILCS 5/12–4.2(a)(1), (b) (West 2000)) carries a Class X penalty of 6 to 30 years of imprisonment (730 ILCS 5/5–8–1(a)(3) (West 2000)), and aggravated discharge of a firearm (720 ILCS 5/24–1.2(a)(2), (b) (West 2000)) is a Class 1 felony with a penalty range of 4 to 15 years (730 ILCS 5/5–8–1(a)(4) (West 2000)).

The disproportionality in the penalties for these offenses was stated clearly by the circuit court. Comparing aggravated battery with a firearm and armed robbery with a firearm, the court stated:

“[B]ecause aggravated battery with a firearm carries a penalty of 6 to 30 years imprisonment, a person who intentionally shoots an individual [aggravated battery with a firearm] faces a minimum penalty that is less than a third of the 21-year minimum for an armed robbery where the firearm is simply possessed, but not fired.”

Similarly, in comparing aggravated discharge of a firearm with armed robbery with personal discharge of a firearm, the circuit court stated:

“Given that aggravated discharge of a firearm carries a potential sentence of *** 4 to 15 years [of] imprisonment, that penalty is clearly disproportionate to the 26-year [minimum] required where a firearm is discharged during the course of an armed robbery.”

We conclude, as did the circuit court below, that the less serious conduct proscribed in the Public Act 91–404 offenses involving possession of a firearm (15-year add-on) and personal discharge of a firearm (20-year add-on) is punished more harshly than is the more serious conduct targeted by the statutes for aggravated battery with a firearm and aggravated discharge of a firearm. Accordingly, with regard to the statutes for armed robbery (720 ILCS 5/18–2 (West 2000)), aggravated kidnapping (720 ILCS 5/10–2 (West 2000)), and aggravated vehicular hijacking (720 ILCS 5/18–4 (West 2000)), the 15- and 20-year add-ons mandated by Public Act 91–404 violate the proportionate penalties clause of the Illinois Constitution. Ill. Const. 1970, art. I, §11.

We therefore affirm the circuit court’s dismissal of the following charges: 
Causes Nos. 91045 and 91046
 (Joseph Campos and Angel Garcia): count II, aggravated vehicular hijacking with personal discharge of a firearm (720 ILCS 5/18–4(a)(5) (West 2000)); count III, armed robbery with personal discharge of a firearm (720 ILCS 5/18–2(a)(3) (West 2000)); counts IV and V, aggravated kidnapping with personal discharge of a firearm (720 ILCS 5/10–2(a)(7) (West 2000)); count VIII, aggravated vehicular hijacking with a firearm (720 ILCS 5/18–4(a)(4) (West 2000)); and counts X and XI, aggravated kidnapping with a firearm (720 ILCS 5/10–2(a)(6) (West 2000)); and 
cause No. 91051
 (Darvus Barnette) counts I and II, aggravated vehicular hijacking with a firearm (720 ILCS 5/18–4(a)(4) (West 2000)).

The only remaining charge that was dismissed by the circuit court is count V of the indictment against defendant Joe Hunt in cause No. 91049: armed robbery with personal discharge of a firearm causing great bodily harm (720 ILCS 5/18–2(a)(4) (West 2000)). Under the Public Act 91–404 amendments, this offense requires a mandatory add-on of 25 years to natural life in prison. As previously noted, the circuit court below found that the 15-year enhancement for carrying a firearm and the 20-year enhancement for personally discharging a firearm violated the proportionate penalties clause. However, the court specifically concluded that there was no disproportionality in the 25-years-to-life enhancement for causing great bodily harm, permanent disability, permanent disfigurement, or death. Defendants have provided no arguments sufficient to persuade us that we should deviate from this conclusion by the circuit court. Accordingly, with regard to the remaining charge of armed robbery with personal discharge of a firearm causing great bodily harm (against defendant Hunt), we adopt the finding of the circuit court that there is no unconstitutional disproportionality in the 25-years-to-life add-on mandated by Public Act 91–404 for this offense.

In addition to this finding, the circuit court also concluded that all of the 15/20/25-to-life provisions violated the prohibition against double enhancement. This latter finding apparently formed the basis for the court’s dismissal of charges that carried the 25-years-to-life sentence enhancement, including the armed robbery count against defendant Joe Hunt that is at issue here. We turn then to an examination of this double-enhancement finding.

Double Enhancement

Double enhancement occurs when a single factor is used “both as an element of a defendant’s crime 
and 
as an aggravating factor justifying the imposition of a harsher sentence than might otherwise have been imposed.” (Emphasis in original.) 
People v. Gonzalez
, 151 Ill. 2d 79, 83-84 (1992); see also 
People v. Thomas
, 171 Ill. 2d 207, 223 (1996) (“Double enhancement occurs when a factor already used to enhance an offense or penalty is reused to subject a defendant to a further enhanced offense of penalty”). It is assumed that the legislature, in determining the appropriate penalty for an offense, necessarily takes into account the factors inherent in the offense. “Thus, to use one of those 
same
 factors that make up the offense as the basis for imposing a harsher penalty than might otherwise be imposed constitutes a double use of a single factor.” (Emphasis in original.) 
Gonzalez
, 151 Ill. 2d at 84. The general prohibition against such double enhancement is a rule of statutory construction. 
People v. Rissley
, 165 Ill. 2d 364, 390 (1995).

In the case at bar, the circuit court found that the 15/20/25-to-life provisions violated this prohibition. The court stated:

“[I]t is apparent that the General Assembly has created separate offenses proscribing the commission of certain named offenses while carrying a firearm, personally discharging a firearm[,] or personally discharging a firearm that proximately causes injury to another. The legislature has classified these offenses as Class X felonies, which generally provide for a term of imprisonment of 6 to 30 years. 730 ILCS 5/5–8–1[(a)(3)] (West 2000). However, in crafting the ten enactments challenged herein, the legislature has indeed utilized the same factor, e.g.[,] the firearm, that constitutes an element of the amended offenses to trigger the enhancements mandated. Hence, the use of the same factor that makes up the offenses as a basis for imposing harsher penalties than might otherwise be imposed has resulted in an impermissible double enhancement.”

According to the circuit court’s reasoning, the firearm factors are used first to enhance the Class 1 felony of robbery to armed robbery, a Class X offense. They are then used a second time to justify the 15/20/25-to-life add-ons that are, under the statute, triggered by these same firearm factors. The problem with this reasoning is that the first enhancement from a Class 1 to a Class X felony comes as a result of 
non
firearm conduct. As is clearly expressed in subsection (a)(1) of the statute, the first form of armed robbery, which is a Class X felony, occurs when a person commits robbery and “he or she carries on or about his or her person or is otherwise armed with a dangerous weapon 
other than a firearm
.” (Emphasis added.) 720 ILCS 5/18–2(a)(1) (West 2000). The sentence for this form of armed robbery is the Class X penalty of 6 to 30 years’ imprisonment, with no mandatory add-ons. The Public Act 91–404 enhancements of 15/20/25-years-to-life are triggered not by this first form of armed robbery, but by the remaining three, each of which is a Class X felony involving a firearm. In subsection (a)(2), where the offender simply possesses the firearm, the mandatory add-on is 15 years (720 ILCS 5/18–2(a)(2), (b) (West 2000)); the required enhancement for subsection (a)(3), which involves the personal discharge of a firearm, is 20 years (720 ILCS 5/18–2(a)(3), (b) (West 2000)); in subsection (a)(4), there is personal discharge of a firearm “that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person,” and the mandatory addition is 25 years to life in prison (720 ILCS 5/18–2(a)(4), (b) (West 2000)).

As is clearly expressed in the statute, the firearm factors account for only one enhancement–the 15/20/25-to-life additions that are triggered by firearm conduct. By the terms of the statute, firearm factors have nothing to do with the initial enhancement to a Class X felony, which, as noted, comes when robbery is committed with a dangerous weapon “other than a firearm.” 720 ILCS 5/18–2(a)(1) (West 2000). With regard to the armed robbery statute (720 ILCS 5/18–2 (West 2000)), we conclude that the circuit court erred in finding that there was an impermissible double enhancement based on firearm conduct elements. Accordingly, this finding may not serve as a basis for dismissing the armed robbery count at issue against defendant Joe Hunt.

Double Jeopardy

Defendants argue that there is an alternative ground on which we may affirm the circuit court’s dismissal of several of the 15/20/25-to-life charges, including the armed robbery count at issue against Hunt. Defendants contend that the relevant sentencing provisions violate the double jeopardy clause of the Illinois Constitution (Ill. Const. 1970, art. I, §10) and the double jeopardy clause of the fifth amendment to the United States Constitution, made applicable to the states by the fourteenth amendment (U.S. Const., amends. V, XIV; 
Benton v. Maryland
, 395 U.S. 784, 794, 23 L. Ed. 2d 707, 715-16, 89 S. Ct. 2056, 2062 (1969)). With regard to the armed robbery statute (720 ILCS 5/18–2 (West 2000)), defendants’ argument is without merit.

The double jeopardy clause of the fifth amendment to the United States Constitution, which is construed in the same manner as the corresponding clause in the Illinois Constitution (
In re P.S.
, 175 Ill. 2d 79, 91 (1997)), affords three protections to the criminal defendant. “The first two, which are the most familiar, protect against a second prosecution for the same offense after acquittal, and against a second prosecution for the same offense after conviction.” 
Jones v. Thomas
, 491 U.S. 376, 381, 105 L. Ed. 2d 322, 331, 109 S. Ct. 2522, 2525 (1989). The third safeguard, which is the one at issue here, protects against multiple punishments for the same offense. 
Jones
, 491 U.S. at 376, 105 L. Ed. 2d at 331, 109 S. Ct. at 2525-26; 
P.S.
, 175 Ill. 2d at 84.

In the case at bar, defendants argue:

“Because defendants were subjected to both a Class X sentence based on the criminal conviction for possession [or use] of the firearm and a higher penalty *** for possession [or use] of the same firearm, they received the prohibited multiple punishments for the same crime.”

According to this argument, if a defendant is charged, for example, with armed robbery with a firearm, the Class X portion of the sentence that he faces is directly attributable to the element of firearm possession. This cannot be so, however. The reason is that, as previously noted, a defendant charged with armed robbery is subject to a Class X sentence even if the offense was committed with a dangerous weapon 
other than a firearm
. 720 ILCS 5/18–2(a)(1) (West 2000). Therefore, the mandatory addition of 15 years to a Class X sentence for armed robbery 
with a firearm
 does not constitute a multiple punishment for the element of firearm possession. The only part of this sentence that is triggered by the possession of a firearm is the 15-year addition, which represents but a single punishment for this element.

The same is true for the armed robbery count at issue against defendant Joe Hunt. As noted, this count alleged that, during the commission of armed robbery, Hunt personally discharged a firearm that proximately caused great bodily harm to the victim. 720 ILCS 5/18–2(a)(4) (West 2000). Under this charge, Hunt faced a potential penalty of a Class X sentence plus a mandatory add-on of 25 years to life. Just as in the case of the sentence for armed robbery with a firearm, the only portion of Hunt’s potential sentence that was triggered by the firearm element is the 25-years-to-life addition, which constitutes a single punishment for this element.

With regard to the armed robbery statute, we reject defendants’ argument that the 15/20/25-to-life enhancements violated defendants’ constitutional right to freedom from multiple punishments for the same offense. The firearm elements are not given multiple punishments, and there was thus no double jeopardy violation. Accordingly, this ground may not serve as the basis for the dismissal of count V of the indictment against defendant Joe Hunt in cause No. 91049. We therefore reverse the circuit court’s dismissal of this count, which charged Hunt with armed robbery with personal discharge of a firearm that proximately caused great bodily harm to the victim. 720 ILCS 5/18–2(a)(4) (West 2000).

CONCLUSION

For the reasons set forth above, we affirm the circuit court’s dismissal of all but one of the counts at issue, on the ground that the relevant sentencing amendments of Public Act 91–404 are unconstitutionally disproportionate. Specifically, we reaffirm our decision in 
People v. Morgan
, 203 Ill. 2d 470, 492 (2002), that “the attempt statute (720 ILCS 5/8–4 (West 2000)), as amended by Public Act 91–404, adding the ‘15/20/25-to-life’ sentencing provisions to the offense of attempted first degree murder, [is] unconstitutional.” We also reaffirm our holding in 
People v. Walden
, 199 Ill. 2d 392 (2002), that the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)) violated the proportionate penalties clause of the Illinois Constitution. Ill. Const. 1970, art. I, §11. Finally, we conclude, as did the circuit court below, that with regard to the statutes for aggravated kidnapping (720 ILCS 5/10–2 (West 2000)), armed robbery (720 ILCS 5/18–2 (West 2000)), and aggravated vehicular hijacking (720 ILCS 5/18–4 (West 2000)), the 15- and 20-year sentence additions mandated by Public Act 91–404 (Pub. Act 91–404, §5, eff. January 1, 2000) are unconstitutionally disproportionate. As noted, with regard to the armed robbery count against defendant Joe Hunt, we adopt the finding of the circuit court that there is no unconstitutional disproportionality in the 25-years-to-life add-on for this offense. However, we reverse the circuit court’s finding that this penalty violates the prohibition against double enhancement.

Accordingly, we affirm the circuit court’s dismissal of the following counts:

Cause No. 91044 (David Montagueo), count I, armed robbery with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)). Because this count constitutes the entire indictment, we affirm the dismissal of the indictment against Montagueo.

Causes Nos. 91045 and 91046 (Joseph Campos and Angel Garcia), count I, attempted murder with personal discharge of a firearm (720 ILCS 5/8–4(a), (c)(1)(C), 9–1(a)(1) (West 2000)); count II, aggravated vehicular hijacking with personal discharge of a firearm (720 ILCS 5/18–4(a)(5) (West 2000)); count III, armed robbery with personal discharge of a firearm (720 ILCS 5/18–2(a)(3) (West 2000)); counts IV and V, aggravated kidnaping with personal discharge of a firearm (720 ILCS 5/10–2(a)(7) (West 2000)); count VII, attempted murder with a firearm (720 ILCS 5/8–4(a), (c)(1)(B), 9–1(a)(1) (West 2000)); count VIII, aggravated vehicular hijacking with a firearm (720 ILCS 5/18–4(a)(4) (West 2000)); count IX, armed robbery with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)); and counts X and XI, aggravated kidnapping with a firearm (720 ILCS 5/10–2(a)(6) (West 2000)).

Cause No. 91047 (Mychael Horton), count II, attempted murder with personal discharge of a firearm causing great bodily harm (720 ILCS 5/8–4(a), (c)(1)(D), 9–1(a)(1) (West 2000)).

Cause No. 91048 (Eddie Reese), counts III and IV, attempted murder with personal discharge of a firearm (720 ILCS 5/8–4(a), (c)(1)(C), 9–1(a)(1) (West 2000)).

Cause No. 91049 (Joe Hunt), count II, attempted murder with personal discharge of a firearm that caused great bodily harm (720 ILCS 5/8–4(a), (c)(1)(D), 9–1(a)(1) (West 2000)); and count IV, armed robbery with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)).

Cause No. 91050 (Marco Garcia), counts I and II, attempted murder of a peace officer with personal discharge of a firearm (720 ILCS 5/8–4(a), (c)(1)(C), 9–1(a)(1), (b)(1) (West 2000)); counts IX through XIV, attempted murder with personal discharge of a firearm (720 ILCS 5/8–4(a), (c)(1)(C), 9–1(a)(1) (West 2000)).

Cause No. 91051 (Darvus Barnette), counts I and II, aggravated vehicular hijacking with a firearm (720 ILCS 5/18–4(a)(4) (West 2000)); and counts III and IV, armed robbery with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)). Because these counts constitute the entire indictment, we affirm the dismissal of the indictment against Barnette.

Cause No. 91052 (Angelo Scott), count II, armed robbery with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)).

Cause No. 91012 (Salatheo Moss and Thomas Gibson), count I, armed robbery with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)).

Cause No. 91013 (Salatheo Moss and Thomas Gibson), counts I and II, armed robbery with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)).

Cause No. 91328 (Steffon Meaderds), count I, armed robbery with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)).

For the reasons set forth above, we reverse the circuit court’s dismissal of count V, armed robbery with personal discharge of a firearm that caused great bodily harm (720 ILCS 5/18–2(a)(4) (West 2000)) in cause No. 91049 against defendant Joe Hunt.

In causes Nos. 91044 (David Montagueo) and 91051 (Darvus Barnette), we affirm the dismissals of the entire indictments. In the remaining causes, we remand to the circuit court for further proceedings as to the counts remaining against the respective defendants.

Nos. 91044 and 91051–Affirmed.

Nos. 91012, 91013, 91045, 91046, 91047,

91048, 91050, 91052, 91328–Affirmed and remanded.

No. 91049–Affirmed in part and reversed in part;

cause remanded.

JUSTICE THOMAS, dissenting:

Contrary to the majority’s thesis, cross-comparison analysis in this case is inappropriate, as the statutes at issue do 
not
 share a common purpose.

In 
People v. Walden
, 199 Ill. 2d 392 (2002), this court held that the purpose of the 15/20/25-to-life statutes is
 identical to
 that of the armed violence statute, namely, deterring the use of dangerous weapons in the commission of a felony. 
People v. Walden
, 199 Ill. 2d 392, 396 (2002). In 
People v. Lombardi
, 184 Ill. 2d 462 (1998), this court held that the purpose of the aggravated battery with a firearm statute is 
entirely distinct from
 that of the armed violence statute. 
Lombardi
, 184 Ill. 2d at 478. Indeed, 
Lombardi
 taught that, while the armed violence statute targets “the risk of harm associated with the presence of a weapon during the commission of a felony,” the aggravated battery with a firearm statute is designed to “discourage individuals from inflicting injury by knowingly discharging a firearm.”
(footnote: 2) 
Lombardi
, 184 Ill. 2d at 478. If the purpose of the 15/20/25-to-life statutes is 
identical to
 that of the armed violence statute, while the purpose of the aggravated battery with a firearm statute is 
entirely distinct from
 that of the armed violence statute, it is analytically impossible for the purposes of the 15/20/25-to-life statutes and the aggravated battery with a firearm statute to be the same. Yet this is precisely what the majority holds. Slip op. at 20. Moreover, the majority does so without either (1) acknowledging 
Lombardi
’s authoritative pronouncement concerning the purpose of aggravated battery with a firearm statute, or (2) explaining why the wholesale overruling of that pronouncement is compelled.

Unlike my colleagues in the majority, I am convinced that the purpose of the aggravated battery with a firearm statute remains exactly what 
Lombardi
 declared it to be five years ago: discouraging the infliction of injury by knowingly discharging a firearm. Inasmuch as this purpose is wholly distinct from that of the 15/20/25-to-life statutes, I prefer not to participate in the majority’s cross-comparison analysis.

I therefore dissent.

JUSTICES KILBRIDE and GARMAN join in this dissent.

FOOTNOTES
1:     
1
In 
People v. Hill
, 199 Ill. 2d 440, 450-51 (2002), this court rejected the argument that, with regard to the home invasion statute (720 ILCS 5/12–11(a)(3), (c) (West 2000)), the 15-year add-on mandated by Public Act 91–404 violated the separation of powers clause of the Illinois Constitution. Ill. Const. 1970, art. II, §1.

2:     
2
Although 
Lombardi 
addressed only the aggravated battery with a firearm statute, its conclusion applies equally to the aggravated discharge of a firearm statute, as this statute likewise targets the endangerment of another through the knowing or intentional discharge of a firearm, not the possession or use of a firearm in the commission of an unrelated felony.