2020 IL App (1st) 172094-U
Order filed: January 17, 2020
Supplemental order upon denial of rehearing filed: February 14, 2020

FIRST DISTRICT
Fifth Division

No. 1-17-2094

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 6695 |
| | ) | |
| TRAVIS JOHNSON, | ) | Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the denial of defendant's petition for relief from judgement, where defendant forfeited his as-applied constitutional challenge by raising it for the first time on appeal.

¶ 2     Defendant-appellant, Travis Johnson, appeals from the denial of his petition for relief from judgment, filed pursuant to section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2016). For the following reasons, we affirm.[1]

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

¶ 3                                I. BACKGROUND

¶ 4    In April 2015, defendant was charged in an 11-count information. Count 1 of that information alleged that defendant committed the offense of being an armed habitual criminal (AHC), in that on or about March 15, 2015, defendant was in possession of a firearm after having previously been twice convicted of unlawful use of a weapon by a felon.

¶ 5    On February 29, 2016, defendant requested and received a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). Thereafter, defendant accepted the trial court's recommendation and pleaded guilty to the single AHC count. He was then sentenced to a term of seven years' imprisonment and three years of mandatory supervised release, and the State dismissed the remaining counts of the information.

¶ 6    On September 27, 2016, defendant filed a *pro se* petition for relief from judgment, filed pursuant to section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2016). Therein, defendant's primary contention was that he received ineffective assistance of counsel. However, the petition also included the following cursory argument:

"The armed habitual criminal statute *** is unconstitutional in its entirety because it violates the Single-Subject-Rule, Provisions under article 4 Section 8(d) of the Illinois State Constitution, (1970) and also the Proportionate Penalties Clause under article 1 section II, of Illinois State Constitution (1970)."

¶ 7    In a written order entered on January 20, 2017, the trial court *sua sponte* denied defendant's section 2-1401 petition. While the trial court specifically addressed the merits of both defendant's claim of ineffective assistance of counsel and his assertion that the AHC statute violated the single-

subject rule in the order, defendant's proportionate penalties argument was not specifically addressed.

¶ 8    On September 5, 2017, this court granted defendant's motion to file a late notice of appeal.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant's sole argument is that the trial court improperly denied his section 2-1401 petition because the sentencing requirements of the AHC statute were disproportionately applied as to him, in violation of the proportionate penalties clause of the Illinois constitution. Ill. Const. 1970, art. I, § 11. We find that defendant has forfeited this as-applied constitutional challenge by raising it for the first time on appeal. This issue presents a question of law that we review *de novo. People v. Thompson*, 2015 IL 118151, ¶ 25.

¶ 11    In relevant part, the proportionate penalties clause of the Illinois constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. Criminal defendants may bring both facial and as-applied constitutional challenges. *Thompson*, 2015 IL 118151, ¶ 36. However, as our supreme court has recognized:

      "Although facial and as-applied constitutional challenges are both intended to address

      constitutional infirmities, they are not interchangeable. [Citation.] An as-applied challenge

      requires a showing that the statute violates the constitution as it applies to the facts and

      circumstances of the challenging party. [Citation.] In contrast, a facial challenge requires a

      showing that the statute is unconstitutional under any set of facts, *i.e.,* the specific facts

      related to the challenging party are irrelevant.

            Because facial and as-applied constitutional challenges are distinct actions, it is not

      unreasonable to treat the two types of challenges differently for purposes of section 2-1401.

By definition, an as-applied constitutional challenge is dependent on the particular circumstances and facts of the individual defendant or petitioner. Therefore, it is paramount that the record be sufficiently developed in terms of those facts and circumstances for purposes of appellate review." *Id*. at ¶¶ 36-37.

¶ 12 In light of these considerations, a defendant forfeits an as-applied challenge under the proportionate penalties clause of the Illinois constitution where that challenge is raised for the first time on appeal from an adverse ruling on a section 2-1401 petition. *Id*. at 39; *People v. Harris*, 2018 IL 121932, ¶ 41 ("As we have emphasized, a reviewing court is not capable of making an as-applied finding of unconstitutionality in the 'factual vacuum' created by the absence of an evidentiary hearing and findings of fact by the trial court.").

¶ 13 Here, it is evident that defendant only raised a facial challenge to the AHC statute under the proportionate penalties clause below, where his section 2-1401 petition cursorily asserted that the "armed habitual criminal statute *** is unconstitutional *in its entirety* because it violates the Proportionate Penalties Clause under article 1 section II, of Illinois State Constitution (1970)." (Emphasis added.) It is also clear that no evidentiary hearing on this claim was held below, nor did the trial court make any findings of fact with respect thereto. Nevertheless, on appeal defendant concedes that he is raising an as-applied proportionate penalties clause challenge to the sentencing requirements of the AHC statute. Pursuant to our supreme court's decisions in *Thompson* and *Harris*, we find that this argument has been forfeited due to defendant's failure to first raise it below.

¶ 14                                    III. CONCLUSION

¶ 15 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 16 Affirmed.

- 4 -

¶ 17          **SUPPLEMENTAL ORDER UPON DENIAL OF REHEARING**

¶ 18    In a petition for rehearing filed February 4, 2020, defendant asserts that is was improper for this court to conclude that his as-applied proportionate penalties challenge to the AHC statute has been forfeited due to his failure to raise it in the trial court. Defendant contends this court's decision was incorrect because: (1) an as-applied challenge was actually raised below, (2) his as-applied challenge did not require any further factual development, and (3) refusing to consider the merits of his as-applied challenge on appeal deprives him of his right to due process. For the reasons stated in our original order, we reject defendant's first two assertions and adhere to our conclusion that defendant forfeited his as-applied challenge. However, because we have some sympathy for defendant's due process argument, we choose to further consider that argument—and the merits of defendant's as-applied challenge—in this supplemental order.

¶ 19    An individual's right to procedural due process is guaranteed by the United States and Illinois Constitutions. See U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. This right entitles an individual to "the opportunity to be heard at a meaningful time and in a meaningful manner." *In re D.W.*, 214 Ill. 2d 289, 316 (2005). Furthermore, "where fundamental fairness so requires, strict application of procedural bars may be relaxed." *People v. Flores*, 153 Ill. 2d 264, 274 (1992).

¶ 20    Here, defendant contends that application of a procedural bar to his as-applied challenge denies him due process because it "ignores the reality of the Cook County appellate system," and that due to delays in that appellate system defendant's "ability to present his claim in another vehicle has all but evaporated."

¶ 21    In support of this argument, defendant notes: (1) a delay from the time his late notice of appeal was allowed in September 2017 to when a complete appellate record was prepared and filed

in August 2018, (2) a delay from when his opening brief was filed in September 2018 to when the State filed its response brief in December 2019, (3) that due to these delays, and our decision not to address the merits of this appeal, the opportunity to file any additional collateral attacks on his sentence under section 2-1401 or the Post–Conviction Hearing Act (720 ILCS 5/122–1 *et seq*. (West 2018)) has all but expired, subject only to limited statutory exceptions, and (4) due to these delays, he has "already served the bulk of his term-of-years sentence" and any possibility of a future hearing or meaningful relief is rapidly fading.

¶ 22　As an initial matter, we note that the initial delay in adjudicating this appeal resulted from defendant's own failure to file a timely notice of appeal in this case, and that defendant was only able to present his arguments to this court because we granted his motion to file a late notice of appeal eight months after the trial court denied his section 2-1401 motion. That aside, considering the due process and fundamental fairness concerns discussed above (*supra* ¶ 19) and the particular facts of this case, we now choose to address the merits of defendant's appeal.

¶ 23　The defendant raises an as-applied constitutional challenge, which requires a showing that his sentence violates the constitution as it applies to the facts and circumstances of his case. *People v. Thompson*, 2015 IL 118151, ¶ 36. An as-applied constitutional challenge presents a legal question that we review *de novo*. *People v. Johnson*, 2018 IL App (1st) 140725, ¶ 97.

¶ 24　The proportionate penalties clause of the Illinois Constitution of 1970 provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "A proportionality challenge contends that the penalty in question was not determined according to the seriousness of the offense." *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005).

¶ 25　To evaluate this issue, defendant would have us apply a test first espoused by the United

States supreme court in *Solem v. Helm*, 463 U.S. 277, 292 (1983), with respect to proportionality analysis under the Eighth Amendment of the United States constitution (U.S. Const., amend. VIII). There, the court stated that "a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem*, 463 U.S. at 292. For the following reasons, we reject defendant's invitation to apply the *Solem* test here.

¶ 26    First, the nature of and continuing relevance of the *Solem* test itself has been the subject of much debate over the ensuing years, and its exact status remains somewhat disputed. See *People v. Fernandez*, 2014 IL App (1st) 120508, ¶¶ 55-62; *People v. Hindson*, 301 Ill. App. 3d 466, 477 (1998).

¶ 27    Second, the *Solem* test is explicitly applicable to "a court's proportionality analysis under the Eighth Amendment." *Solem*, 463 U.S. at 292. Here, defendant specifically asserts an as-applied proportionality challenge under the proportionate penalties clause of the Illinois Constitution. As our supreme court has recognized, "[a]lthough a relationship may exist between the first clause of article I, section 11, and the eighth amendment, that relationship is not entirely clear. What is clear is that the limitation on penalties set forth in the second clause of article I, section 11, which focuses on the objective of rehabilitation, went beyond the framers' understanding of the eighth amendment and is not synonymous with that provision." *People v. Clemons*, 2012 IL 107821, ¶ 40.

¶ 28    As such, our supreme court has long utilized its own test to be applied in a court's proportionality analysis under the proportionate penalties clause of the Illinois constitution. Traditionally, our supreme court recognized three distinct ways in which such a challenge may be asserted, specifically acknowledging:

> "First, a penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. [Citations.] Second, a penalty violates the proportionate penalties clause where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more severely. [Citations.] Finally, the proportionate penalties clause is violated where offenses with identical elements are given different sentences." *People v. Moss*, 206 Ill. 2d 503, 522 (2003).

¶ 29    However, our supreme court has specifically abandoned the second method, the "cross-comparison analysis," because it had proven to be "problematic and unworkable." *People v. Sharpe*, 216 Ill. 2d 481, 519 (2005). More recently, our supreme court noted the first and third methods cited in the above paragraph and reiterated that *only* these "two bases remain for mounting a proportionate penalties challenge." *People v. Rizzo*, 2016 IL 118599, ¶ 28. Indeed, in *Rizzo*, 2016 IL 118599, ¶ 42, our supreme court rejected any attempt to compare offenses containing different elements and penalties while discussing the first method discussed above, concluding that to do so "would effectively resurrect[] the cross-comparison analysis under the guise of an inquiry into what is cruel and degrading."

¶ 30    Obviously, applying the *Solem* test here would similarly and improperly resurrect the cross-comparison analysis our supreme court has rejected, as the second objective criteria in that test explicitly asks the court to examine the sentence imposed for particular crimes in Illinois with those imposed for different crimes within the same jurisdiction. *Solem*, 463 U.S. at 291-922. Furthermore, we are not aware of a single instance where our supreme court has looked to the sentences imposed for the same crime in other jurisdictions for purposes of conducting a proportionality analysis under the proportionate penalties clause of the Illinois constitution.

¶ 31 Considering our supreme court's decisions in *Sharpe* and *Rizzo*, we must therefore reject defendant's request that we apply the *Solem* test to our proportionality analysis under the proportionate penalties clause of the Illinois constitution. Moreover, because defendant has made no attempt to apply the relevant Illinois test to this issue on appeal, we necessarily conclude that he has failed to establish a violation of the proportionate penalties clause of the Illinois constitution.

¶ 32 We recognize that defendant has pointed to a number of Illinois appellate court decisions in which the *Solem* test was either applied or referenced in the context of a proportionality analysis under the proportionate penalties clause of the Illinois constitution. However, we do not find these instances persuasive.

¶ 33 First, defendant cites to two decisions from the Third District of the appellate court, both of which were subsequently vacated by our supreme court on other grounds. *People v. Tetter*, 2018 IL App (3d) 150243, ¶ 73, *appeal denied, vacated,* 116 N.E.3d 918 (Ill. 2019); *People v. Kochevar*, 2018 IL App (3d) 140660, ¶ 64, *appeal denied, vacated,* 116 N.E.3d 923 (Ill. 2019). In each case, upon remand from our supreme court, the appellate court found that it never had jurisdiction to consider the as-applied challenge in the first instance. *People v. Tetter*, 2019 IL App (3d) 150243-B, ¶ 38; *People v. Kochevar*, 2020 IL App (3d) 140660-B, ¶ 34. It is axiomatic that we are not bound by an opinion of another appellate district. *People v. Knapp*, 2019 IL App (2d) 160162, ¶ 60. Perhaps more importantly, an appellate court decision vacated by our supreme court carries no precedential value. *People v. Kelley*, 2019 IL App (4th) 160598, ¶ 97. For these reasons, we decline to follow either the *Tetter* or the *Kochevar* decision.

¶ 34 For similar reasons, we do not find persuasive defendant's citation to *People v. Cetwinski*, 2018 IL App (3d) 160174. First, it is another Third District opinion that we are not bound to follow. Second, the court in that case did not conduct its own analysis of this issue, but simply adopted the

analysis in the original *Tette*r or *Kochevar* decisions. Id. ¶ 57. Third, the decision in *Cetwinski* was filed prior to our supreme court's decision to vacate the original *Tette*r or *Kochevar* decisions.

¶ 35    Finally, defendant cites to a decision from this court, *People v. Fernandez*, 2014 IL App (1st) 120508, ¶ 55–66, in which this court looked to *Solem* for guidance in conducting a proportionality analysis under the proportionate penalties clause of the Illinois constitution. However, the *Fernandez* decision did not explicitly apply all three criteria discussed in *Solem* and acknowledged that *Solem* had been the subject of important discussion and modification in subsequent decisions. *Id*. Moreover, the *Fernandez* decision was filed prior to our supreme court's decision in *Rizzo*, 2016 IL 118599, ¶ 28, which as noted above reiterated that our supreme court has clearly delineated its *own* test for conducting a proportionality analysis under the proportionate penalties clause of the Illinois constitution.

¶ 36    For the foregoing reasons, defendant's petition for rehearing is denied.